UNITED STATES DISTRICT COURT
for the
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MICHAEL GURGE,<br>    Plaintiff<br><br>v.<br><br>FAIRFIELD HOUSING AUTHORITY, CAROL MARTIN, CAROL LANDSMAN, AND RITA WATERMAN,<br>    Defendants | Civil No. 3:13-cv-01676 (WWE)<br><br><br>JANUARY 23, 2014 |

## REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS FAIRFIELD HOUSING AUTHORITY, CAROL MARTIN, CAROL LANDSMAN AND RITA WATERMAN'S MOTION TO DISMISS

Defendants Fairfield Housing Authority (hereinafter "Authority"), Carol Martin (hereinafter "Martin"), Carol Landsman (hereinafter "Landsman") and Rita Waterman (hereinafter "Waterman") (collectively "Defendants"), by and through their attorneys Jackson Lewis P.C., respectfully submit this Reply Memorandum in further support of their Motion to Dismiss and to Plaintiff's Objection thereto.

Plaintiff fails to address almost all of Defendants' legal arguments, and Defendants' Motion as to those issues should be granted as unopposed. Plaintiff offers no opposition to Defendants' Motion to Dismiss Counts One, Two, Three, Four and Five against Defendants Landsman and Waterman, Counts One, Two, Three, and Five against Defendant Martin and Count Six as to all Defendants. Accordingly for the reasons set forth in Defendants' Motion to Dismiss and accompanying memorandum of law those Counts of Plaintiff's Amended Complaint should be dismissed.

1

Plaintiff does not contest any of the claims set forth in Defendants' Motion to Dismiss except for asserting that Count Four of his Amended Complaint, alleging municipal liability pursuant to the Supreme Court's ruling in <u>Monell v. Dep't of Soc. Servs.</u>, 436 U.S. 658 (1978) sufficiently sets forth a cause of action against the individual Defendant, Carol Martin. For the reasons discussed below, Plaintiff's argument is misplaced and Defendants' motion should be granted.

A. <u>The Amended Complaint Should Be Dismissed As to the Defendants Waterman and Landsman Because Plaintiff Abandoned Any Claims Against Those Defendants.</u>

With regard to Defendants' Motion to Dismiss the claims against Landsman and Waterman in Counts, One Two, Three, Four and Five of the Amended Complaint, Plaintiff has abandoned those claims and fails to address, much less rebut, that such claims are inappropriate. Thus, in addition to those reasons set forth in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, Defendants' arguments are unopposed and should be granted.

B. <u>Plaintiff Abandoned his Claims Contained in Count Six of the Amended Complaint.</u>

With regard to Defendants' Motion to Dismiss Plaintiff's claim for intentional infliction of emotional distress contained in Count Six of the Amended Complaint, Plaintiff has abandoned those claims as he again fails to address, much less rebut Defendants' arguments that: (1) the Defendant Authority is shielded by immunity from intentional torts; and (2) that the allegations of the Amended Complaint do not rise to the level of "extreme and outrageous" necessary to sustain such a claim. Thus, in addition to those reasons set forth in Defendants' Memorandum of Law in Support of Defendants' Motion to Dismiss, Defendants' argument are unopposed and should be granted as they relate to Count Six.

C. The Amended Complaint Should Be Dismissed As to the Defendant Martin Because Plaintiff has Abandoned the Claims Brought Against Her and Count Four is Not an Independent Source of Liability Against an Individual Defendant

As an initial matter, similar to the claims discussed above, Plaintiff has abandoned all claims against the Defendant Martin with the exception of those set forth in Count Four of the Amended Complaint. In Count Four, Plaintiff brings a cause of action pursuant to the Supreme Court's decision in Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Plaintiff's argument is misplaced and conflates two separate legal principles to conclude, incorrectly, that Martin is independently liable pursuant to the dictates of Monell.

In Monell, the Supreme Court provided extensive analysis and addressed the issue of whether a claim could be brought against a municipality and under what circumstances such a claim would be permitted. See generally, id. As such, Monell provides for suits against a municipality and does not create an independent source of liability for individual municipal actors. See id. (analyzing whether a direct cause of action lies against a municipality pursuant to §1983); see also Askins v. Doe, 727 F.3d 248, 253 (2d Cir. 2013) ("Liability under section 1983 is imposed on the municipality. . ."). Although it is true that a claim brought pursuant to Section 1983 generally may provide for individual liability, (see Hafer v. Melo, 502 U.S. 21, 25 (1991) a Monell claim simply permits suits against a municipality to redress certain violations of Section 1983.

As Plaintiff appears to argue, the allegation that Martin was the "final policy maker" in the Authority's actions as alleged by Plaintiff are a necessary prerequisite to a viable Section 1983 claim against the Authority under Monell. (Plaintiff's Brief, 1); See also Odom v. Matteo, 2010 U.S. Dist. LEXIS 9098 (D. Conn. Feb. 3, 2010)[1] ("Municipal liability attaches only where the decisionmaker possesses final authority to establish municipal policy with respect to

---

[1] Decisions cited herein not contained in an official reporter are attached hereto as Exhibit A.

3

the action ordered.")  It does not follow, and the dictates of <u>Monell</u> and its progeny do not provide, that <u>Martin</u> is independently liable for any alleged violations of Section 1983 as alleged in Count Four.  Accordingly, Defendants Motion to Dismiss as it pertains to any claims against Martin should be dismissed.

D.  <u>Conclusion</u>

For all of the foregoing reasons, in addition to those set forth in Defendants' Motion to Dismiss and accompanying memorandum of law, the First, Second, Third, Fourth and Fifth Counts against the individual Defendants, Martin, Waterman and Landsman and the Sixth Count against all Defendants of the Amended Complaint should be granted.

DEFENDANTS,
FAIRFIELD HOUSING AUTHORITY,
CAROL MARTIN, CAROL LANDSMAN,
AND RITA WATERMAN

By: */s/ Thomas R. Gibbons*
Thomas R. Gibbons (ct 16616)
James M. Leva (ct 28928)
Jackson Lewis P.C.
90 Statehouse Square, 8th Floor
Hartford, CT  06103
Tel: (860) 522-0404
Fax: (860) 247-1330
gibbonst@jacksonlewis.com
james.leva@jacksonlewis.com

CERTIFICATION OF SERVICE

I hereby certify that on January 23, 2014, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

                                          */s/ Thomas R. Gibbons*
                                          Thomas R. Gibbons